ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ORLANDO ORTIZ BÁEZ<br><br>Recurrido<br><br>v.<br><br>ISRAEL OCASIO LORENZANA Y OTROS<br><br>Peticionarios | **KLCE202400627** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Salinas<br><br>Civil Núm.: SA2022CV00148<br><br>Sobre: Incumplimientos Contractual/Daños |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 12 de julio de 2024.

Comparece ante nosotros Lighting Electric Energy Solar, Inc. (en adelante, LEESI o la peticionaria) y solicita que revisemos la *Resolución* emitida el 1 de mayo de 2024 y notificada el 7 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Salinas. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* una *Moción en Solicitud de Desestimación* presentada por LEESI en la cual argumentó falta de jurisdicción sobre la persona.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *Certiorari* de epígrafe.

**I.**

El 20 de mayo de 2022, el señor Orlado Ortiz Báez (en adelante, el señor Ortiz o recurrido) presentó una *Demanda* por incumplimiento de Contrato y Daños contra los siguientes: (1) el señor Israel Ocasio Lorenzana (en adelante, señor Ocasio), (2) Corporaciones Desconocidas, (3) Personas Desconocidas y (4) Aseguradoras

Desconocidas.[1] Dicha Demanda fue acompañada con un proyecto de emplazamiento personal dirigido al señor Ocasio en su carácter personal.[2] No obstante, el referido emplazamiento fue expedido por el foro primario el 23 de mayo de 2022.[3]

Por su parte, el 28 de octubre de 2022, el señor Ocasio presentó su *Contestación a Demanda*.[4]

El 14 de marzo de 2023, el señor Ortiz presentó una *Moción para Sustituir Parte y Enmendar Demanda*. Mediante la referida moción, solicitó añadir a LEESI como codemandada, en sustitución del demandado Corporaciones Desconocidas.

Tras la autorización del foro primario, el 28 de marzo de 2023, el señor Ortiz presentó la *Segunda Demanda Enmendada*.[5]

Ante eso, el 31 de marzo de 2023, el foro primario expidió emplazamiento personal dirigido a LEESI.[6]

Luego de varios tramites procesales, el 22 de junio de 2023, el señor Ortiz presentó una *Moción para que se Autorice y Se Expida Emplazamiento por Edicto para Lighting Electric & Energy Solar, Inc*.[7]

El 23 de junio de 2023, con la autorización del foro primario, se expidió el emplazamiento por Edicto contra LEESI. [8]

---

[1] *Demanda*, anejo I, págs. 1-4 del apéndice de la peticionaria.
[2] *Proyecto de Emplazamiento*, anejo III, págs. 7-8 del apéndice de la peticionaria.
[3] *Véase*, entrada número 2 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] *Contestación a la Demanda*, anejo IV, págs. 9-18 del apéndice de la peticionaria.
[5] *Véase*, entrada número 18 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] *Véase*, entrada número 20 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] *Moción para que se Autorice y Se Expida Emplazamiento por Edicto […]*, anejo VIII, págs. 23-25 del apéndice de la peticionaria.
[8] *Emplazamiento de Edicto*, anejo IX, pág. 26 del apéndice de la peticionaria.

Posteriormente, el 26 de diciembre de 2023, el señor Ortiz presentó *Moción Informativa y para que Se Anote la Rebeldía*.[9] En la referida moción, el señor Ortiz alegó que procede la anotación de rebeldía contra LEESI por lo siguiente:

[…]

2. El 28 de junio de 2023, se le dio publicidad a dicho edicto en el periódico El Nuevo Dia. Anejos 1 y 2. 3.

3. El 29 de junio de 2023 se envió la documentación requerida a la última dirección conocida de dicha parte Codemandada. Anejos 3 y 4.

4. La correspondencia fue devuelta porque no fue recogida ("unclaimed"). Anejo 5.

5. Han transcurrido más de 30 días desde publicado el edicto y Lighting Electric & Energy Solar Inc. no ha Contestado la Demanda Enmendada ni comparecido.

A esos efectos, el 27 de diciembre de 2023 el foro primario mediante *Resolución* anotó la rebeldía a LEESI.[10]

Por su parte, el 11 de enero de 2024 LEESI presentó *Moción en Solicitud de Desestimación y sobre Otros Extremos*.[11] Mediante la referida moción, LEESI alegó que el foro primario carecía de jurisdiccion sobre su persona por haber sido emplazada fuera del término improrrogable dispuesto en nuestro ordenamiento y, en alternativa, solicitó que se levantara la rebeldía para poder contestar la demanda incoada en su contra.

Consecuentemente, el 31 de enero de 2024 el señor Ortiz presentó su *Oposición a Moción para que se Orden Desestimación Parcial y a que se deje sin Efecto*

---

[9] *Moción Informativa y para que se Anote la Rebeldía*, anejo X, pág. 27 del apéndice de la peticionaria.
[10] *Resolución*, anejo XI, pág. 28 del apéndice de la peticionaria.
[11] *Moción en Solicitud de Desestimación y sobre Otros Extremos,* anejo XII, pág. 29-39 del apéndice de la peticionaria

*Anotación de Rebeldía.*[12]  Allí el señor Ortiz alegó que no surge causa justificada para levantar la rebeldía.

Finalmente, el foro primario emitió el 1 de mayo de 2024, y notificó el 7 de mayo de 2024, *Resolución* en la cual declaró *No Ha Lugar* la solicitud de desestimación presentada LEESI.[13]

Inconformes, el 6 de junio de 2024, LEESI presentó ante nosotros un recurso de *Certiorari* mediante el cual alega que el foro primario cometió el siguiente error:

> Erró el tribunal de primera instancia al declarar no ha lugar la moción en solicitud de desestimación de la demanda presentada por la recurrida, fundamentada en falta de jurisdicción sobre la persona al no emplazar dentro del término improrrogable de 120 días desde la presentación de la demanda.

Luego, el 12 de junio de 2024, la peticionaria presentó una *Solicitud de Prórroga y Certificación de Notificación*. Allí alegó que el 6 de junio de 2024 cometió un error involuntario al notificar la presentación del recurso de epígrafe al recurrido. Explicó que al redactar el correo electrónico del representante legal del recurrido cometió un "typo". Además, señaló que dicho error fue corregido el 10 de junio de 2024.

En consecuencia, el 17 de junio de 2024, el recurrido presentó su *Oposición a Solicitud de Prórroga y Moción de Desestimación*. Allí alegó que, conforme al Reglamento del Tribunal de Apelaciones, el término de notificación es de cumplimiento estricto y que la peticionaria no mostro justa causa suficiente.

---

[12] *Véase*, entrada número 63 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[13] *Resolución*, enejo XIII, págs. 40-41 del apéndice de la peticionaria.

Posteriormente, el 25 de junio de 2024, el recurrido presentó su *Moción en Oposición a Expedición Auto de Certiorari*.

A esos efectos, el 2 de julio de 2024, emitimos *Resolución* concediendo término a Israel Ocasio Lorenzana para oponerse sobre la Moción en *Oposición a Solicitud de Prórroga y Moción de Desestimación.*

Transcurrido el término dispuesto, la peticionaria no compareció a presentarnos su postura.

Consecuentemente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a Derecho.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40,

establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. *Véase*, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

Nuestro Tribunal Supremo ha sido enfático en que los foros revisores "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto." *Rodríguez et al. v. Hospital et al.,* 186 DPR 889, 908-909 (2012); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007); *Álvarez v. Rivera*, 165 DPR 1, 25 (2005). Sin embargo, es preciso reseñar que nuestro más Alto Foro también ha reconocido que "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). A tales efectos, ha manifestado considerar "que el adecuado ejercicio de discreción judicial está estrechamente

relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, págs. 434-435.

Así, el Tribunal Supremo define el concepto de "discreción" como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012), citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), entre otros. De esa manera, la discreción se nutre de "un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia […]". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

### III.

Es preciso comenzar por destacar que la *Resolución* recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

En síntesis, la peticionaria señaló que el Tribunal de Primera Instancia erró al declarar *No Ha Lugar* una solicitud de desestimación por falta de jurisdicción sobre su persona por haber sido emplazada fuera de término.

Sin embargo, luego de evaluar el recurso de epígrafe y revisar los documentos sometidos, a la luz de los criterios de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora e intervenir con el criterio del foro primario para variar el dictamen recurrido.

Recalcamos que, nuestro Tribunal Supremo ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios,

en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente apelativo, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Por tanto, procede denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, se **DENIEGA** el presente auto discrecional de *Certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones